U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN - 7 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| VICKI CAMPBELL | : | DOCKET NO. 2:07 CV 1983 |
| VS. | : | JUDGE MINALDI |
| SHELTER MUTUAL INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion For Partial Summary Judgment, [doc. 17], filed by the defendant, Shelter Mutual Insurance Company (hereinafter "Shelter Mutual"). The plaintiff, Vicki Campbell, filed an Opposition [doc. 21]. Shelter Mutual filed a Reply [doc. 23].

## FACTS

At the time of Hurricane Rita, Ms. Campbell had a homeowner's insurance policy issued by Shelter Mutual. On October 30, 2005, Shelter Mutual paid Ms. Campbell $15,942.95 for damages incurred by Hurricane Rita.[1] On September 27, 2007, Ms. Campbell filed suit alleging that Shelter Mutual's adjustment did not permit her to perform all of the necessary repairs caused by Hurricane Rita.[2] Ms. Campbell also asserts that Shelter Mutual caused her to suffer mental anguish and seeks to recover damages pursuant to La. Rev. Stat. Ann. § 22:1220.[3]

---

[1] Def.'s Ex. C.

[2] Compl. [doc. 1-1].

[3] *Id.*

1

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.* When the non-moving party bears the burden of proof, the movant discharges the burden of "showing" the absence of a genuine issue of material fact by "pointing out to the district court that there is a absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

After the parties finished briefing this motion, the Fifth Circuit considered the legal issue now before this Court: whether La. Civ. Code art. 1998 bars the recovery of mental anguish under La. Rev. Stat. Ann. § 22:1220. *Dickerson v. Lexington Ins. Co.*, ___F.3d___, 2008 WL 5295389 (5th Cir. 12/22/2008). The Fifth Circuit concluded that Article 1998 is "as a matter of law, inapplicable to § 22:1220 and does not bar the award of mental anguish damages under this statute." *Id.* Furthermore, "[d]amages for mental anguish may be awarded under § 22:1220 for breaches of the

duty of good faith."

Finding that § 22:1220 permits an award of mental anguish damages, the Fifth Circuit then considered whether the plaintiff presented sufficient evidence to sustain the trial court's award of $25,000 for mental anguish stemming from Lexington's arbitrary refusal to pay. *Id.* "There is no clear legal standard for what constitutes sufficient evidence of mental anguish in a case such as this...the case law provides only anecdotal guidance as to what may or may not suffice to prove compensable mental anguish." *Id.* (noting that it is the fact-finder's responsibility to assess whether the plaintiff has presented sufficient evidence). Expert testimony is not required for recovery, but a plaintiff must offer more than "bald assertions." *Id.* "Mental anguish which gives rise to a claim for damages must be a real mental injury that one can reasonably expect a person in such a position to suffer." *Id.*

The *Dickerson* court therefore upheld the mental damages award because the plaintiff presented more than "bald assertions." *Id.* The plaintiff's daughter testified that she watched her father become short-tempered and anti-social, and the plaintiff himself testified that he suffered a rash from stress, for which he sought medical attention. *Id.* Based on this testimony, the *Dickerson* court concluded that there was no clear error in the trial court's conclusions. *Id.*

Shelter Mutual moves for a partial summary judgment ruling dismissing Ms. Campbell's claims for mental anguish and/or emotional distress because such damages are not recoverable under § 22:1220. Shelter Mutual argues that under La. Civ. Code art. 1998, Ms. Campbell must demonstrate that she suffered mental anguish, and that Shelter Mutual knew or should have known its actions would cause her nonpecuniary loss, or that Shelter Mutual intended to aggrieve Ms. Campbell's feelings. Article 1998 is inapplicable to § 22:1220, and § 22:1220 permits plaintiffs to

3

recover for mental anguish when insurers breach their duty of good faith. *Dickerson*, 2008 WL 5295389. Thus, under *Dickerson*, Shelter Mutual's argument is based on what a plaintiff must prove to recover mental anguish damages under Article 1998–a standard that does not apply in this case.

Ms. Campbell's deposition testimony raises an issue of fact as to whether she suffered mental anguish.[4] She testifies that she suffered stress-related migraines for the first time after the storm.[5] She also states through her affidavit that she continues to suffer worry and anxiety.[6] Further, Ms. Campbell was unable to move her grandmother into her home, which is causing her further worry, distress, and guilt.[7] Given the Fifth Circuit's ruling in *Dickerson*, and the summary judgment evidence proffered by Ms. Campbell, this Court finds that a partial summary judgment ruling on the issue of mental anguish damages is inappropriate; accordingly,

IT IS ORDERED that Shelter Mutual's Motion For Partial Summary Judgment, [doc. 17], is hereby DENIED.

Lake Charles, Louisiana, this ___ day of _____, 200__.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Pl.'s Ex. C.

[5] *Id.* at 113.

[6] Pl.'s Ex. A.

[7] *Id.*

4