U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 23 2009

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| VICKI CAMPBELL | : | DOCKET NO. 2:07 CV 1983 |
| VS. | : | JUDGE MINALDI |
| SHELTER MUTUAL INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion For Partial Summary Judgment, [doc. 11], filed by the defendant, Shelter Mutual Insurance Company (hereinafter "Shelter Mutual"). The plaintiff, Vicki Campbell, filed an Opposition [doc. 13]. Because Ms. Campbell's Opposition was untimely filed and counsel did not seek leave to file an untimely response, this Court shall not consider the Opposition in its Ruling.[1] Shelter Mutual filed a Reply [doc. 16].

## FACTS

At the time of Hurricane Rita, Ms. Campbell had a homeowner's insurance policy issued by Shelter Mutual. On October 30, 2005, Shelter Mutual paid Ms. Campbell $15,942.95 for damages incurred by Hurricane Rita.[2] On September 27, 2007, Ms. Campbell filed suit alleging that Shelter Mutual's adjustment did not permit her to perform all of the necessary repairs caused by Hurricane

---

[1] Shelter Mutual's motion was filed on September 30. Pursuant to the Notice of Motion Setting, the plaintiff had fifteen calendar days in which to file a response [doc. 12]. Ms. Campbell filed her response on October 27.

[2] Def.'s Ex. C.

1

Rita.[3] Ms. Campbell also asserts that Shelter Mutual is liable for penalties because it misrepresented pertinent facts by stating that the original estimate was a fair estimate for damages.[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## LAW

Under La. Rev. Stat. Ann. § 22:658, a cause of action accrues when the insurer allegedly fails to make payment on an insured's property damage claim within thirty days after receiving a satisfactory proof of loss. After Hurricane Katrina, the Louisiana legislature amended La. Rev. Stat. Ann. § 22:658 twice by "substituting the words 'fifty percent' for 'twenty-five percent' and added 'as well as reasonable attorney fees and costs....'" *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 199 (La.

---

[3] Compl. [doc. 1-1].

[4] *Id.*

2

2008). This amendment became effective on August 15, 2006. *Id.* It is well-established that the 2006 amendments are not retroactive. *See id.*

The Louisiana Supreme Court has articulated two situations in which the insured's claim could arise after the effective date. First, if the plaintiff did not make satisfactory proof of loss prior to the amendment of La. Rev. Stat. Ann. § 22:658, the petition for damages can serve as satisfactory proof, which triggers the thirty-day period. *Sher*, 988 So.2d at 199. *Sher* makes clear that the petition serves as satisfactory proof only when the plaintiff had not made satisfactory proof of loss prior to the petition. *See id.* Second,

> [B]ecause the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had [the insurer] paid that claim, and had plaintiff discovered new damage and made satisfactory proof which [the insurer] failed to pay within the time period contained in the statute, but after the amendment became effective, [the insurer] could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment.

*Id.*

Thus, the relevant inquiry is when the claim arose. A claim arises when the plaintiff first makes proof of loss, and a later post-enactment filing for the same loss does not make the 2006 amendments applicable to a pre-enactment claim. *See Gaffney v. State Farm Fire & Cas. Co.*, 06-8143, 2008 WL 4656916, *3 (E.D. La. 10/21/08). For plaintiffs to avail themselves of *Sher*'s second exception, they would have to present competent summary judgment evidence that their post-amendment claims are for newly-discovered damage. *See id.*

## ANALYSIS

Shelter Mutual seeks a partial summary judgment ruling that the pre-2006 amendment

version of La. Rev. Stat. Ann. § 22:658 applies. Shelter Mutual argues that Ms. Campbell's action pursuant to La. Rev. Stat. Ann. § 22:658 arose before August 15, 2006. Based upon the summary judgment evidence, this Court finds that her claim arose well before August 15, 2006.

Ms. Campbell informed Shelter Mutual of her loss on September 30, 2005,[5] Shelter Mutual inspected the property on October 4, 2005,[6] and Shelter Mutual issued a check on October 30, 2005.[7] Moreover, based upon Ms. Campbell's deposition testimony, Ms. Campbell alleges that Shelter Mutual acted in bad faith when her home was initially inspected and the claim initially adjusted in October 2005.[8] Thus, any right of action based on failure to pay within thirty days of satisfactory proof of loss would have accrued months before August 15, 2006. Furthermore, there is no evidence in the record that Ms. Campbell submitted a satisfactory proof of loss for newly-discovered evidence that Shelter Mutual failed to pay within the time period contained in the statute, but after the amendment became effective; accordingly,

IT IS ORDERED that Shelter Mutual's Motion For Partial Summary Judgment [doc. 11] is hereby GRANTED.

Lake Charles, Louisiana, this ___ day of _____, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] Def.'s Ex. B.

[6] *Id.*

[7] *Id.*

[8] Def.'s Ex. A.

4